NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3118

BRENDAN A. DANIEL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

<u>Brendan A. Daniel</u>, of Abita Springs, Louisiana, pro se.

<u>Lisa L. Donahue</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were <u>Peter D. Keisler</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Donald E. Kinner</u>, Assistant Director. Of counsel on the brief was <u>Paul St. Hillaire</u>, Attorney, Office of Personnel Management, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3118

BRENDAN A. DANIEL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

DECIDED:  August 9, 2007

Before MICHEL, <u>Chief Judge</u>, SCHALL, <u>Circuit Judge</u>, and BUCKLO, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Brendan A. Daniel petitions for review of the final decision of the Merit Systems Protection Board ("Board"), affirming the Office of Personnel Management's ("OPM's") decision to terminate his civil service disability retirement annuity because his income in 2005 exceeded eighty percent of the current rate of pay for the position he occupied

---

[*]        Honorable Elaine E. Bucklo, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

before retirement. <u>Daniel v. Office Pers. Mgmt.</u>, No. DA0841060623-I-1 (M.S.P.B. Nov. 2, 2006). We <u>affirm</u>.

DISCUSSION

I.

On November 19, 1996, Mr. Daniel retired under the Federal Employees' Retirements System ("FERS") from his position as a Maintenance Worker due to disability. <u>Daniel</u>, slip op. at 2. In 2005, because he was under the age of sixty, as required of all similar disability annuitants, Mr. Daniel reported his 2005 annual income to OPM. <u>Id.</u> Mr. Daniel's income was higher than usual for 2005 because his employer required him to work overtime due to the Hurricane Katrina disaster. <u>Id.</u> at 4. OPM determined that Mr. Daniel's 2005 income was more than eighty percent of the current rate of pay for a Maintenance Worker in the position from which he had retired. OPM therefore concluded that Mr. Daniel had been restored to earning capacity. Accordingly, by notice dated June 24, 2006, OPM notified Mr. Daniel that his annuity benefits would terminate on June 30, 2006. <u>Id.</u> at 2-3. In a reconsideration on July 20, 2006, OPM affirmed its initial determination, after which Mr. Daniel appealed to the Board.

II.

The administrative judge ("AJ") to whom the case was assigned expressed sympathy for Mr. Daniel's situation, but stated that "the statutory provision that controls his situation does not provide for a waiver of the 80% limit, nor does it provide for an exception under any circumstances." <u>Id.</u> at 4 (citing 5 U.S.C. § 8455(a)(2)). The AJ noted that Mr. Daniel did not dispute that his 2005 income exceeded the eighty percent limit. <u>Id.</u> Accordingly, the AJ affirmed OPM's decision, but pointed out in a footnote that

OPM had informed Mr. Daniel of how he could seek reinstatement of his disability annuity. Id. at 5. After the AJ's decision became the final decision of the Board, Mr. Daniel appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

The FERS statute provides that disability retirement annuities are terminated if the annuitant's earning capacity is restored:

> If an annuitant receiving a disability annuity from the Fund, before becoming 60 years of age, is restored to an earning capacity fairly comparable to the current rate of pay of the position occupied at the time of retirement, payment of the annuity terminates 180 days after the end of the calendar year in which earning capacity is so restored. Earning capacity is deemed restored if in any calendar year the income of the annuitant from wages or self-employment or both equals at least 80 percent of the current rate of pay of the position occupied immediately before retirement.

5 U.S.C. § 8455(a)(2).

On appeal, Mr. Daniel does not dispute his 2005 income or OPM's and the Board's application of section 8455(a)(2). Rather, he argues that OPM and the Board should have considered the unique circumstances that gave rise to his increased 2005 income. Additionally, he cites the Stafford Act, Pub. L. No. 93-288, 88 Stat. 143 (codified at 42 U.S.C. §§ 5121-5207), and regulatory provisions relating to waiving the recovery of overpayments to individuals.

As the Board correctly held, section 8455 does not provide for any exceptions or waivers in its application. Neither OPM nor the Board has authority to waive statutory requirements or to estop the government from denying benefits as required by law. See Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 416, 434 (1990). Therefore, the Board did not err in upholding OPM's termination of Mr. Daniel's disability annuity.

Mr. Daniel's reliance of the Stafford Act (also known as the Disaster Relief Act of 1974) is misplaced. The Stafford Act was enacted to provide federal relief and assistance to states in times of disaster. See 42 U.S.C. § 5121. The Stafford Act does not mention or alter anything relating to FERS. Nor do the regulations cited by Mr. Daniel in 5 C.F.R. pt. 831, subpt. N, help him in this case. That subpart deals with when an annuitant has received overpayments and limits the government's ability to seek recovery of the overpayment when it would be against "equity and good conscience." 5 C.F.R. § 831.1401. Mr. Daniel has not received an overpayment; OPM terminated his annuity properly under section 8455.

Like the Board, we are sympathetic to Mr. Daniel's circumstance and note that he may seek reinstatement of his annuity, as suggested by OPM. Daniel, CSA-8097469, slip op. at 2 (Office Pers. Mgmt. July 20, 2006). However, under existing law, we are unable to disturb the decision of the Board.

For the forgoing reasons, the final decision of the Board is affirmed.

No costs.