NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SCOTT M. BURTON,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3222

---

Petition for review of the Merit Systems Protection Board in No. CH-0841-14-0691-I-1.

---

Decided: January 11, 2016

---

SCOTT M. BURTON, Westerville, OH, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before NEWMAN, LOURIE, and BRYSON, *Circuit Judges.*

PER CURIAM.

## DECISION

Scott M. Burton petitions for review of the decision of the Merit Systems Protection Board affirming the denial of his application for disability annuity payments between 2012 and 2014. We affirm the Board's decision.

## BACKGROUND

In 2004, Mr. Burton retired on disability from his position as a letter carrier for the U.S. Postal Service. At that time, he began receiving a disability retirement annuity under the Federal Employees Retirement System ("FERS"). He was also receiving social security disability benefits. Those benefits resulted in a setoff from his FERS annuity. Both the disability benefits and the annuity payments were subject to earnings limitations. By statute, if Mr. Burton's income exceeded a threshold amount for social security disability benefits or the FERS annuity, his payments under the respective system would be suspended.

In 2010 the Social Security Administration suspended Mr. Burton's social security disability payments because his income exceeded the earnings limitation for social security. Despite the suspension of his social security disability benefits, the Office of Personnel Management ("OPM") continued to reduce Mr. Burton's FERS disability annuity as if his social security disability benefits were still being paid. The setoff resulted in a loss of $629 per month to Mr. Burton. OPM did not correct the error until 2014.

From 2011 through part of 2013, Mr. Burton earned additional income. He contends that he was compelled to earn that additional income in order to replace the loss resulting from the erroneous setoff that reduced his annuity payments. Beginning in 2011, Mr. Burton's additional income placed him above the earnings limita-

tion for the FERS disability annuity. As directed by statute, Mr. Burton's disability annuity payments were supposed to continue for 180 days past the end of the year in which the threshold was exceeded and then should have stopped. 5 U.S.C. § 8455(a)(2). In Mr. Burton's case, the 180-day period would have expired on June 30, 2012. However, for reasons that are unclear, OPM continued to make disability annuity payments to Mr. Burton until August 1, 2013. OPM has waived its right to recover the overpayments for that 13-month period.

Mr. Burton sought to have his FERS annuity reinstated beginning on January 1, 2014, but his request was denied because his 2013 income continued to exceed the earnings threshold for disability annuity payments. OPM subsequently granted Mr. Burton's request for reinstatement of his disability annuity as of January 1, 2015, because his 2014 income was below the earnings threshold.

In September 2014 OPM corrected the setoff error and paid Mr. Burton $13,279 for the incorrectly withheld setoff between November 1, 2010, and June 30, 2012. OPM did not award Mr. Burton additional payments for July 2012 through August 2013, because it determined that Mr. Burton should not have received any benefits for that 13-month period.

Mr. Burton has appealed OPM's decision not to pay him disability annuity benefits between July 1, 2012, and December 31, 2014. He contends that he should receive the full amount of the FERS disability annuity for the years that his income exceeded the statutory threshold amount (i.e., between 2011 and 2013). His argument is that if OPM had correctly terminated the social security disability payment setoff after those payments were suspended, his disability annuity would not have been reduced and he would not have been compelled to earn

the additional income that caused his annuity to be terminated.

On Mr. Burton's appeal to the Merit Systems Protection Board, the administrative judge who was assigned to Mr. Burton's case ruled that he was not entitled to annuity payments during the period that his earnings exceeded the statutory threshold amount. The full Board denied Mr. Burton's petition for review and affirmed the administrative judge's ruling. Mr. Burton now appeals to this court.

## DISCUSSION

The income limitations for a disability retirement annuity are governed by 5 U.S.C. § 8455 and are not discretionary. It is undisputed that Mr. Burton's income exceeded the statutory threshold from 2011 to 2013. For example, in 2013 the threshold for Mr. Burton was $44,418.40, which is 80% of the salary for the permanent position from which he retired. In 2013, Mr. Burton earned $47,910, or $3,491.60 more than the statutory threshold. Mr. Burton points to no authority giving him a right to annuity payments notwithstanding the fact that he earned more than the statutory threshold amount set forth in 5 U.S.C. § 8455(a)(2). This court has consistently held that section 8455 does not provide for exceptions or waivers in its application. *See, e.g.*, *Daniel v. Office of Pers. Mgmt.*, 469 F. App'x 850 (Fed. Cir. 2011); *Rodriguez v. Office of Pers. Mgmt.*, 427 F. App'x 878 (Fed. Cir. 2011); *Daniel v. Office of Pers. Mgmt.*, 245 F. App'x 969 (Fed. Cir. 2007).

Section 8455 required the termination of Mr. Burton's annuity once his income exceeded the threshold amount. OPM is not empowered to disregard such statutory directives for calculating disability annuity payments. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 430 (1990) ("[I]t would be most anomalous for a judicial order to require a Government official, such as the officers of

OPM, to make an extrastatutory payment of federal funds."). The prohibition against making unauthorized disability payments contrasts with the authorization granted in other statutes, such as 5 U.S.C. § 8470(b), which provides that OPM will not seek recovery of over-payments from an individual when, in the agency's judgment, the individual "is without fault and recovery would be against equity and good conscience."

Although Mr. Burton argues that he would not have been compelled to earn more than the statutory threshold amount if OPM had not improperly continued to reduce his disability annuity after his social security benefits had been terminated, that argument provides no ground for overriding the statutory prohibition on disability benefits to persons who earn more than the statutory threshold amount. Because Mr. Burton was not entitled to payment of a disability annuity during the period that his earnings exceeded the statutory earnings limitation, the Board correctly denied his request for a monetary award.[1]

No costs.

**AFFIRMED**

---

[1] Before the Board, Mr. Burton also sought rein-statement of his Federal Employees' Group Life Insurance ("FEGLI") policy. Pursuant to statute, OPM ceased making premium payments on that policy when Mr. Burton's disability annuity payments ceased. The administrative judge ruled that the Board lacked jurisdiction over Mr. Burton's FEGLI claim. Mr. Burton did not challenge the administrative judge's jurisdictional ruling before the full Board, nor does it appear that he has sought review of that decision in this court. In any event, we agree with the administrative judge that, with certain exceptions not applicable here, the Board does not have jurisdiction over FEGLI claims. *See* 5 U.S.C. § 8715.